## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DALLAS COUNTY HOSPITAL DISTRICT, d/b/a PARKLAND HEALTH & HOSPITAL SYSTEM,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 3:15-cv-04063-B** |
| **NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC,** | § § § § | |
| **Defendant.** | § § | |

### DEFENDANT NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant NextGen Healthcare Information Systems, LLC ("NextGen") files this Original Answer, Affirmative Defenses, and Counterclaim to Plaintiff's ("Parkland") First Amended Complaint, as follows:

### I. ANSWER

1.      Upon information and belief, admitted.

2.      NextGen is a California Limited Liability Company with its principal place of business located at 795 Horsham Road, Horsham, PA 19044.  NextGen admits it has appeared through counsel in this suit.

3.      Denied.  *See* NextGen's Motion to Dismiss briefing for NextGen's position.

4.      Denied.  *See* NextGen's Motion to Dismiss briefing for NextGen's position.

5.      Admit.

6.      Admit.

7.      Denied.  *See* NextGen's Motion to Dismiss briefing for NextGen's position.

8.      Admit.

9.      The allegations do not fully and accurately state the terms of the documents referenced.  Therefore, NextGen denies the allegations and alleges the documents speak for themselves.

10.     NextGen is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph and, therefore, denies them.

11.     The allegations do not fully and accurately state the terms of the documents referenced.   Therefore, NextGen denies the allegations and alleges the documents speak for themselves. *See* NextGen's Motion to Dismiss briefing for NextGen's position.

12.     The allegations do not fully and accurately state the terms of the contract. Therefore, NextGen denies the allegations and alleges the contract speaks for itself.

13.     The allegations do not fully and accurately state the terms of the contract. Therefore, NextGen denies the allegations and alleges the contract speaks for itself.

14.     The allegations do not fully and accurately state the terms of the contract. Therefore, NextGen denies the allegations and alleges the contract speaks for itself.

15.     The allegations do not fully and accurately state the terms of the contract. Therefore, NextGen denies the allegations and alleges the contract speaks for itself.

16.     The allegations do not fully and accurately state the terms of the contract. Therefore, NextGen denies the allegations and alleges the contract speaks for itself.

17.     The allegations do not fully and accurately state the terms of the contract. Therefore, NextGen denies the allegations and alleges the contract speaks for itself.

18.     The allegations do not fully and accurately state the terms of the contract. Therefore, NextGen denies the allegations and alleges the contract speaks for itself.

19.     The allegations do not fully and accurately state the terms of the documents referenced.   Therefore, NextGen denies the allegations and alleges the documents speak for themselves.

20.     Denied.

21.     Denied.

22.     Denied.

23.     The allegations do not fully and accurately state the terms of the contract. Therefore, NextGen denies the allegations and alleges the contract speaks for itself.

24.     Denied.  *See* NextGen's Motion to Dismiss briefing for NextGen's position.

25.     The allegations do not fully and accurately state the terms of the document referenced.   Therefore, NextGen denies the allegations and alleges the document speaks for itself.

26.     Denied.  *See* NextGen's Motion to Dismiss briefing for NextGen's position.

27.     The allegations do not fully and accurately state the terms of the contract. Therefore, NextGen denies the allegations and alleges the contract speaks for itself.

28.     Denied.  *See* NextGen's Motion to Dismiss briefing for NextGen's position.

29.     Denied.  *See* NextGen's Motion to Dismiss briefing for NextGen's position.

30.     NextGen realleges the responses set forth above.

31.     The allegations do not fully and accurately state the terms of the contract. Therefore, NextGen denies the allegations and alleges the contract speaks for itself.

32.     NextGen admits the contract is a valid and enforceable contract.  NextGen denies the remainder of the allegations.

33.     Denied.

34.     Denied.

## II.  AFFIRMATIVE DEFENSES

1.     Parkland failed to satisfy its conditions precedent to sue for breach of contract.

2.     Parkland failed to mitigate its alleged losses and damages.

3.     Parkland's damages, if any, in whole or in part, are the result of its own breaches of contract, negligence, or fault not attributable to NextGen.

4.     Without admitting Parkland is entitled to damages whatsoever, in the event it is determined that Parkland is entitled to damages, Parkland's damages are limited by the agreed-upon limitation of liability provision set forth in the contract.

5.     Parkland's claims are barred, in whole or part, by waiver and estoppel.

6.     Parkland's claims are not ripe.  *See* NextGen's Motion to Dismiss briefing.

7.     Parkland's claims are barred, in whole or part, by its unclean hands.

8.     Parkland's claims are barred, in whole or part, by the defense of offset.

9.     Parkland is not entitled to its claim for attorneys' fees.

10.    Parkland failed to state a claim for which relief can be granted.

### III. COUNTERCLAIM

1.     NextGen is a national provider of Electronic Medical Record ("EMR") software to hospitals and practitioners.  EMR software helps medical practitioners manage both their clinical practice and the financial (billing and collections) aspect of their operations.

2.     Following a public bid process, in September 2013, District and NextGen entered into a Contract for Services, including the Schedules and Pricing Summary thereto, (the "Contract") for NextGen's EMR software.  At or about the same time, District and NextGen also entered into a Software License and Services Agreement Addendum #1 (the "Addendum"), which amended the Contract as provided in the Addendum.  In exchange, Parkland agreed to pay NextGen certain amounts as specified in the Contract.

3.     NextGen performed and satisfied its obligations under the Contract to the extent permitted by Parkland.  To the extent NextGen had any conditions precedent to recovery, such conditions have occurred or have been excused.

4.     Parkland materially breached the Contract and caused NextGen injury.  Namely, Parkland (a) failed to cooperate with NextGen to develop and install the software and (b) failed to pay NextGen at least $443,724.39 in invoices that NextGen rightfully billed under the Contract.  Parkland's failure to pay the rightfully issued invoices began and continued during times when NextGen's performance under the Contract was ongoing.

5.     Parkland's breaches of the Contract have caused NextGen damages in the amount of $443,724.39.

## IV.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, NextGen requests that the Court dismiss Parkland's claims against NextGen and enter judgment that (a) Parkland take nothing by this suit, and (b) NextGen be awarded:

(a) $443,724.39 for the amount due under the Contract;

(b) prejudgment and post judgment interest;

(c) court costs and other recoverable costs;

(d) attorneys' fees; and

(e) all other relief to which NextGen may be justly entitled.

> **COBB MARTINEZ WOODWARD PLLC**
> 1700 Pacific Avenue, Suite 3100
> Dallas, Texas 75201
> (214) 220-5200 Telephone
> (214) 220-5299 Facsimile
>
> By: */s/ Jeffrey I. Nicodemus*
>     **JEFFREY I. NICODEMUS**
>     Texas Bar. No. 24007748
>     email:  jnicodemus@cobbmartinez.com
>     **MATTHEW E. LAST**
>     Texas Bar No. 24054910
>     email: mlast@cobbmartinez.com
>
> **ATTORNEYS FOR DEFENDANT**
> **NEXTGEN HEALTHCARE**
> **INFORMATION SYSTEMS, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of January, 2017, a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

> */s/ Matthew E. Last*
> **MATTHEW E. LAST**