IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS COUNTY HOSPITAL DISTRICT, d/b/a PARKLAND HEALTH & HOSPITAL SYSTEM,<br><br>*Plaintiff*,<br><br>vs.<br><br>NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 3:15-cv-4063-B |

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

Pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff and Counterclaim Defendant Dallas County Hospital District (the District), files this Motion to Dismiss the Counterclaim of NextGen Healthcare Information Systems, LLC (NextGen) for lack of subject matter jurisdiction. Specifically, the District moves on the ground that NextGen failed to exhaust its administrative remedies prior to filing suit.

**I.**
**FACTS**

On September 15, 2013, NextGen and the District entered into a contract for the provision of an electronic medical records management system (EMR) to be used by the county jail system (the Contract). Laxton Aff. ¶5, App. at 2, 7. That Contract includes a Disputes Clause that provides, in part:

> **H-10. Disputes (Oct. 12)**
>
> (a) Except as otherwise provided in this contract, any dispute concerning a question of fact or law arising under or related to this

> contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to Contractor. The decision of the Contracting Officer shall be final and conclusive unless, on or before the 90th day from the date of receipt of such copy, the Contractor mails or otherwise furnishes a written appeal addressed to the District. The decision of the District or its duly authorized representative on such appeal shall be final and conclusive unless determined by a court of competent jurisdiction to have been fraudulent, capricious, arbitrary, so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence. . . .

App. at 15-16. The Contracting Officer determined that NextGen was in default, and provided notice of that determination to NextGen by letter dated May 14, 2015. Laxton Aff. ¶ 15, App. at 4, 90-99. By letter dated June 1, 2015, NextGen disputed the findings of default, and asserted that $387,628.87 was due to NextGen. Laxton Aff. ¶ 16, App. at 4, 100-113.

The Contracting Officer thereafter confirmed that NextGen was in default. Laxton Aff. ¶¶ 17 & 20, App. at 5. He further found that the District was owed $868,261.68 from NextGen and that the District could withhold the amounts invoiced by NextGen that were then outstanding. App. at 114-115.

NextGen did not appeal the decision of the Contracting Officer within 90 days as required by the Disputes Clause of the Contract. Laxton Aff. ¶ 18, App. at 5.

On December 23, 2015, the District filed suit against NextGen seeking to enforce the Contracting Officer's decision that NextGen had defaulted on its contract to provide the Electronic Medical Records System (EMR).[1] Pl.'s Orig. Compl., Dkt. # 1. The basis

[1] The District amended the Complaint on March 8, 2016. Dkt. #19.

for the suit is that NextGen failed to appeal the Contracting Officer's decision, which as a result has become "final and conclusive."

NextGen moved to dismiss the Complaint, in response to which the District amended its pleading to eliminate all tort claims. *See* Dkt. # 12 & 19. NextGen then moved to dismiss the Amended Complaint, asserting that the District had failed to exhaust the administrative procedures found in the Disputes Clause of the parties' contract and in the District's Purchasing Manual (DPM). Dkt. #21.

The Court took extensive briefing and oral argument on the issue and denied the motion to dismiss by order dated January 6, 2017. Jan. 6, 2017 Mem. Op. & Ord., Dkt. # 35. The Court concluded that the dispute resolution procedures in the Contract were jurisdictional requirements, and that there had been a final decision by the Contracting Officer sufficient to permit the District to move forward with its suit. *Id.*

Thereafter, NextGen filed an Answer and Counterclaim. Dkt. # 37. The Counterclaim alleges that the District breached the Contract with NextGen by: (a) failing to cooperate with development and installation of the EMR; and (b) failing to pay NextGen invoices billed in the amount of $443,724.39. *Id*. at 4 (¶4 of Counterclaim).

Because each of the "breaches" asserted by NextGen were the subject of the decision of the Contracting Officer, which NextGen failed to appeal, the District now moves to dismiss for lack of subject matter jurisdiction.

## II.
## ARGUMENT AND AUTHORITIES

### A. NextGen Bears the Burden of Demonstrating Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction.'" *MacKenzie v. Castro*, No. 3:15-cv-0752-D, 2016 WL 3906084, at *2 (N.D. Tex. July 19, 2016) (quoting *Stockman v. Fed. Election Comm'n*, 138F.3d 144, 151 (5th Cir. 1998)). For that reason, they can adjudicate claims only when subject matter jurisdiction "is expressly conferred by the Constitution and federal statute. Federal Rule of Civil Procedure 12(b)(1) provides the vehicle through which" a party may challenge that jurisdiction. *Armstrong v. Tygart*, 886 F. Supp. 2d 572, 584 (W.D. Tex. 2012) (internal citations omitted).

"A Rule 12(b)(1) motion can mount either a facial or factual challenge." *MacKenzie*, 2016 WL 3906084, at *2. In this case, because consideration of the District's motion requires the Court to review evidence outside the pleadings, the challenge is factual. *Id*. A factual challenge to jurisdiction permits the Court to consider affidavits, testimony, and other evidentiary materials submitted by the parties in support of their positions. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Even though the District is the movant, the burden of proof is on NextGen as the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). Moreover, there is no presumption that the facts pleaded by NextGen are true. *Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir. 1981). Rather, NextGen must "prove subject matter jurisdiction by a preponderance of the evidence." *MacKenzie*, 2016 WL 3906084, at *2 (citing *Paterson*, 644 F.2d at 523).

**B. Exhaustion of the Disputes Clause Procedures is a Jurisdictional Prerequisite to Suit**

As this Court previously recognized, the "doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law." Jan. 6, 2017 Mem. Op. & Ord., Dkt. # 35 (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). Under that doctrine, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart*, 395 U.S. at 193 (internal quotations and citations omitted).

Whether administrative remedies are jurisdictional prerequisites to suit turns on whether the requirement is statutory or merely jurisprudential. *See Williams v. J.B. Hunt Transp., Inc.*, 826 F.3d 806, 810 (5th Cir. 2016). *See also Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 475 (5th Cir. 1997) (explaining that statutory exhaustion requirements are "tantamount to a legislative investiture of exclusive original jurisdiction in the agency").

The procedure set out in the Disputes Clause is a jurisdictional requirement because it implements a regulatory scheme promulgated under authority granted by statute. The statutory authorization has multiple sources. As an initial matter, the Texas Local Government Code grants the District's governing body—its Board of Managers--the authority to enter into contracts for the purchase of personal property like the EMR at issue in this case. Consistent with this statutory authority, the Health and Safety Code grants the Board general powers to manage and control the District, and grants the Dallas County Commissioners Court authority to develop specific policies and procedures for making such purchases, although the commissioners may delegate this power to the Board. TEX. HEALTH & SAFETY CODE § 281.047-.049 (West

2017). The Commissioners Court has established purchasing policies and delegated the enforcement and administration of those policies to the Board. DALLAS CNTY. CODE § 78-31(a). Those procedures are set out in the DPM.

The Local Government Code, Dallas County Code and the DPM all provide that the administrative remedies applicable to a local governmental entity's particular purchase is accomplished by the parties' affirmative incorporation of those terms into their contract. The Local Government Code states:

> CONTRACTUAL ADJUDICATION PROCEDURES ENFORCEABLE. Adjudication procedures, including requirements for serving notices or engaging in alternative dispute resolution proceedings before bringing a suit or an arbitration proceeding, that are stated in the contract subject to this subchapter or that are established by the local governmental entity and ***expressly incorporated into the contract*** or incorporated by reference are enforceable except to the extent those procedures conflict with the terms of this subchapter.

TEX. LOC. GOV'T CODE § 271.154 (West 2017) (emphasis added). Likewise, the Dallas County Code expressly provides that the Chief Executive Officer or Chief Operating Officer of the District can authorize exceptions to the District's purchasing procedures. DALLAS CNTY. CODE § 78-31(c). And the DPM also provides that those procedures may be modified:

> **§ 2-301 Deviations from Regulations**
>
> The Chief Executive Officer may approve deviations from this Manual with respect to an individual procurement; provided, however, that any such deviation (together with a description of the circumstances and the justification therefor) shall be reported to the Board at its next meeting in a written report of the Chief Executive Officer.

In combination, Section 271.154 of the Local Government Code, Dallas County Code Section 78, and Section 2-301 of the DPM give any modified dispute resolution

procedures contained within contracts between the District and its vendors the force of law. In this case, NextGen and the District elected the Disputes Clause found in the Contract. And because the Disputes Clause is promulgated pursuant to statutory authority, it is a jurisdictional requirement. *See Lewis v. Jacksonville Bldg. & Loan Ass'n*, 540 S.W.2d 307, 310 (Tex. 1976) (administrative rules promulgated pursuant to statutory authority have force and effect of statutes); *Texarkana & Ft. S. Ry. Co. v. Houston Gas & Fuel Co.*, 51 S.W.2d 284 (Tex. 1932) (valid rules and regulations promulgated by an administrative agency acting within its statutory authority have the force and effect of legislation); *Northeast Tarrant County Water Authority v. Board of Water Engineers*, 367 S.W.2d 720 (Tex. App.—Austin 1963, no writ) (same); *Little v. Texas Bd. of Law Examiners*, 334 S.W.3d 860, 862 (Tex. App.—Austin 2011, no pet.) (process for hearings under the Rules Governing Admission to the Bar created a statutory prerequisite to suit); *Lazarides v. Farris*, 367 S.W.3d 788, 798–99 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (regulations and guidelines for their enforcement promulgated by a city council created statutory prerequisites to suit).

**C. NextGen's Counterclaim Must Be Dismissed Because It Failed to Exhaust Administrative Remedies**

Under the foregoing authorities, administrative remedies promulgated by local governmental entities must be exhausted before the courts can intervene. This is so because, except in the most unique circumstances, a claimant has not actually suffered any injury until administrative processes have been completed and the ruling complained of has been put into effect. *See Glen Oaks Utilities, Inc. v. City of Houston*, 340 S.W.2d 783, 785 (Tex. 1960). If that general principle were not enough, each entity that

submits a bid to the District, including NextGen, "agrees to exhaust its administrative remedies under Chapter 10 of the District's Purchasing Manual or the Disputes Clause of any resulting contract prior to seeking judicial relief." [2] DPM Section 10-102.

The Fifth Circuit recognized this principle in *Martin K. Eby Const. Co., Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004), which held that a local government contractor must exhaust administrative remedies prior to filing suit. In that case, the contract was with DART, a regional transportation authority, whose standard disputes clause was very similar to the one at issue in this case. The contractor's suit was dismissed because the contractor never submitted its claim to that process.

The Disputes Clause of the Contract requires a claimant to submit a dispute to the Contracting Officer and, if not satisfied with the result, appeal to the District within 90 days. App. at 15-16. Only then is the decision of the District subject to judicial review, and then only under the deferential standard set out in the Contract. Here, NextGen brought the issues of cooperation and unpaid invoices under review through its June 1, 2016 letter[3]; e.g., App. at 100 (seeking past-due balance), 102 (complaining that Jail Health Team expanded requirements); 103 (asserting failure to Jail Health Team

---

[2] Texas courts have found statutory prerequisites to suit even where the law or regulation does not expressly state that a condition must be met prior to suit. In *State v. Lueck*, 290 S.W.3d 876, 883 (Tex. 2009), for example, the Texas Supreme Court looked to the general prohibition against retaliatory discharge in the Texas Whistleblower Act and held that "the elements of section 554.002(a) can be considered to determine both jurisdiction and liability." It did so even though that provision said nothing of requirements to suit, but elsewhere the statute expressly addresses whether public employees must exhaust available grievance procedures before filing suit. *See* TEX. GOV'T CODE §554.006 (West 2017).

[3] It is unclear why the dollar damages claimed in the counterclaim are not the same as the amount cited in the June 1, 2016 correspondence.

to provide required information and specifications), but failed to exhaust the administrative process to its conclusion. Laxton Aff. ¶ 18, App. at 5. Consequently, NextGen's failure to pursue administrative resolution bars its counterclaim.

Federal contracts decisions[4] consistently hold that "[w]here a federal contract contains such a disputes clause, and also provides a specific administrative remedy for a particular dispute, the contractor must exhaust its administrative contractual remedies prior to seeking judicial relief. *Maine Yankee Atomic Power Co. v. United States*, 225 F.3d 1336, 1340–41 (Fed. Cir. 2000) (collecting cases). *See also McKart v. United States*, 395 U.S. 185, 193, (1969) ("no one is entitled to judicial relief ... until the prescribed administrative remedy has been exhausted") (internal citation and quotation omitted); *Crown Coat Front Co. v. United States*, 386 U.S. 503, 512, (1967) (A government "contractor must seek the relief provided for under the contract or be barred from any relief in the courts."); *Schlesinger v. United States*, 383 F.2d 1004, 1007-08 (Ct. Cl. 1967) (where party fails to appeal contracting officer decision as provided by disputes clause, "then there exists a jurisdictional void which we are not at liberty to ignore").

This is true whether the contractor fails to bring the claim in the first instance, or fails to administratively appeal.[5] *See United States v. Joseph A. Holpuch Co.*, 328 U.S. 234,

---

[4] Section H-16 of the Contract provides that in the absence of state law, federal common law, including that developed by federal boards of contract appeals and the United States Court of Federal Claims, are controlling. App. at 16.

[5] While most modern cases are decided under the Contract Disputes Act, 41 U.S.C. §§ 601–13, which expressly addresses the unreviewability of administrative decisions not timely appealed, the same is true for contracts that are not governed by, or pre-date, the CDA. Thus, the federal common law provides that a contractor may not sue to challenge a Contracting Officer's decision that the contractor has not pursued through administrative appeal. *E.g., PDR, Inc. v. United States*, 78 Fed. Cl. 201, 205–06 (2007) (noting that for any contract with the federal government not covered by the Contract Disputes Act, the presence of a disputes clause requires the contractor to exhaust its administrative contractual remedies

239–40 (1946) (remedies available under disputes clause in government contract are exclusive, and absent clear evidence appeal procedure is inadequate or unavailable, that procedure must be pursued and exhausted); *Paragon Energy Corp. v. United States*, 229 Ct.Cl. 524, 525 (1981) ("It has long been settled that if a Government contract provides relief for a particular dispute, the standard disputes clause requires the contractor to present the claim administratively before suit can be brought."); *Schlesinger*, 383 F.2d at 1007 (1967) (granting summary judgment in favor of government, where contractor failed to timely appeal contracting officer decisions as required by disputes clause in government contract). *See also Maine Yankee Atomic Power Co. v. United States*, 225 F.3d 1336, 1340–41 (Fed. Cir. 2000).

NextGen cannot demonstrate that it exhausted its remedies and, for this reason, the court lacks jurisdiction. For this reason, dismissal is required.

## III.
## PRAYER

For all the reasons set forth above, the District respectfully requests that the Court dismiss the counterclaims asserted by NextGen for failure to exhaust the administrative process laid out in the Disputes Clause.

Date: February 10, 2017

Respectfully submitted,

*/s/ Linda R. Stahl*
E. Leon Carter
Texas Bar No. 03914300
*lcarter@carterscholer.com*

---

prior to seeking judicial relief and citing *Maine Yankee Atomic Power Co. v. United States*, 225 F.3d 1336, 1340 (Fed.Cir.2000).

Linda R. Stahl
Texas Bar No. 00798525
*lstahl@carterscholer.com*
**CARTER SCHOLER ARNETT & MOCKLER, PLLC**
8150 N. Central Expressway
Suite 500
Dallas, Texas 75206
T: 214.550.8188 | F: 214.550.8185

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served upon all counsel of record via the Court's CM/ECF electronic filing system in accordance with the Federal Rules of Civil Procedure on February 10, 2017.

*/s/ Linda R. Stahl*
Linda R. Stahl