UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DALLAS COUNTY HOSPITAL DISTRICT, d/b/a PARKLAND HEALTH & HOSPITAL SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§ Civil Action No. 3:15-cv-04063-B<br>§<br>§<br>§<br>§<br>§<br>§ |

**NEXTGEN'S OPPOSITION TO DISTRICT'S MOTION
TO DISMISS NEXTGEN'S COUNTERCLAIM**

Defendant NextGen Healthcare Information Systems, LLC ("NextGen") submits its opposition to Dallas County Hospital District's ("District") motion to dismiss NextGen's counterclaim.

## I.   INTRODUCTION

The District's motion to dismiss is based entirely on the already well-briefed question of exhaustion.  In its briefing, the District cites repeatedly to the general rule that administrative procedures must be followed before a litigant can seek relief from the courts.  As with any general principle, however, there are exceptions.

The filing of a compulsory counterclaim is a well-established exception to any exhaustion requirement.  NextGen's counterclaims, arising out of the same Agreement which the District contends NextGen breached, are compulsory because (a) the issues of fact and law raised by the District's First Amended Complaint ("FAC") and NextGen's counterclaim largely are the same; (b) substantially the same evidence will support or refute both the FAC and counterclaim; and (c) the parties' claims are logically related.  Because NextGen's counterclaims are compulsory, NextGen was not obligated to complete the District's disputes procedure before bringing them.  Consequently, the District's motion to dismiss must be denied.

Finally, even if the Court finds that NextGen's counterclaims are permissive, given the fact that the District has sued NextGen and has already refused to pay the money which NextGen seeks, it would be futile for NextGen to have to exhaust at this point.

## II.   STATEMENT OF FACTS

To be clear, the only party that sought administrative review of any dispute is the District: By letter dated May 14, 2015, the District asserted a host of alleged defects with NextGen's software. (Doc. 41, Plaintiff's Appendix ("P. App.") at 90-98.) The District contends that between this and its June 17, 2015, letter perfunctorily terminating the Agreement, it complied with its administrative disputes procedure. (*Id*. at 114-15). NextGen has maintained, and continues to maintain, that the District has not complied with the operative disputes procedure.

NextGen's June 1, 2015, written response to the District does not raise or otherwise request that the District determine whether the *District's* conduct amounted to a breach of the Agreement. (*Id*. at 100-01). Moreover, the District's June 17 termination letter does not contain any language deciding that issue. (*Id*. at 114-15).

While NextGen's June 1 letter raises the issue that the District has not paid almost $400,000 of due and owing invoices, NextGen did not request that the Contracting Officer issue a final decision on the issue. (*Id.* at 100-01). Rather, NextGen states that the nonpayment "needs to be addressed," presumably during the "meaningful dialogue" that NextGen believed would occur following this exchange of letters. (*Id.*)

And, while the District responded in its termination letter that it will not pay the money, the District concluded *only* that "[t]his notice constitutes a decision that the Contractor is in default for the reasons specified in the Notice of Default [breach of Agreement for failure to deliver certain software functionality]." (P. App. 114-15.) District acknowledges in its Motion to Dismiss that "NextGen brought the issues of cooperation and unpaid invoices under review through its June 1, 2016 letter … but failed to exhaust the administrative process to its conclusion." (Motion to Dismiss at 8-9). The failure to exhaust is undisputed.

In the counterclaim, NextGen asserts that the District breached the Agreement by failing to cooperate in the development and implementation of the software. Cooperation was critical because the District contracted for customizations to certain features of NextGen's out-of-the-box software; for instance, customizations to "specialty-specific templates to be used for patient intake, initial health assessment, provider and nursing visits, continued care and other workflows"; customizations "add[ing] and remov[ing] fields from [NextGen's] templates"; and customizations to "alerts and triggers" within the software. (*See* Doc. 19, FAC ¶¶ 9, 17 ("The Contract also calls for the EMR to have features designed to improve efficiency …")). NextGen could not develop these customizations without information supplied by the District. (*Id.* at 18 (referencing the "consultative process"); P. App. 80 (referencing the District's affirmative obligations to provide input and information).

Accordingly, the Agreement expressly requires the District's good faith participation with the software implementation. (*See* Agreement, P. App. 32 (the parties will "[c]reate a mutually agreed to project plan"); P. App. 34 (noting project will not commence until "the entire plan is mutually agreeable"); P. App. 78 ("parties will use their reasonable efforts to develop a Statement of Work for Implementation Services"); P. App. 80 (District must provide a project manager who, on behalf of District, will "provide timely input and approvals"); P. App. 80 ("[District] will provide all information, data, input and approvals or rejections required by [NextGen] to perform [the implementation] according to an agreed schedule, or if none, then within five (5) business days"). Cooperation was a necessary element to the success of the software implementation.

NextGen further asserts that the District breached the Agreement by failing to pay the outstanding invoices that NextGen rightfully issued for work completed, or otherwise billable, under the terms of the Agreement. The unpaid invoices include amounts for, for instance, unpaid implementation-related fees for NextGen employee time actually spent working on the implementation for the District. (P. App. 81 (subp. (g)); *accord*, District's detail of amount withheld, P. App. 99 (showing, for instance, $167,924 unpaid by District for services NextGen actually rendered).

### III. DISTRICT'S MOTION MUST BE DENIED

#### A. NextGen's Counterclaim Is Compulsory; Therefore, NextGen Has No Duty To Exhaust The District's Administrative Disputes Procedure

It is undisputed NextGen did not exhaust the administrative process with regard to its counterclaims. (Motion to Dismiss at 8-9 ("NextGen brought the issues of cooperation and unpaid invoices under review through its June 1, 2016 letter … but failed to exhaust the administrative process to its conclusion.")) NextGen did not submit either of its breach claims to the District's Contracting Officer for resolution. Given the procedural posture, NextGen did not have to as a prerequisite to filing its counterclaims: NextGen's breach claims are compulsory counterclaims, which are excepted from any exhaustion requirement. *United States v. Cushman & Wakefield, Inc.*, 275 F.Supp.2d 763, 777-78 (N.D. Tex. 2002) (denying motion to dismiss compulsory counterclaims on failure to exhaust grounds).

A party must state as a counterclaim any claim that arises out of the transaction that is the subject of the opposing party's claim, and which does not require adding another party over whom the court lacks jurisdiction.[1] Fed. R. Civ. Proc. 13(a). A claim is compulsory if (1) the issues of fact and law raised by the claim and counterclaim largely are the same; *or* (2) *res judicata* would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; *or* (3) substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; *or* (4) there is any logical relationship between the claim and the counterclaim. *Park Club, Inc. v. Resolution Trust Corp.*, 967 F.2d 1053, 1058 (5th Cir. 1992) (finding claims compulsory). "An affirmative answer to *any* of the four questions indicates the counterclaim is compulsory." (*Id.*, quoting *Plant v. Blazer Fin. Servs. Inc. of Georgia*, 598 F.2d 1357, 1360-61 (5th Cir. 1979) (emphasis added)).

A counterclaim which is compulsory but that is not brought is thereafter barred. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1 (1974).

---

[1] NextGen's counterclaim does not require adding any other party.

NextGen's counterclaims are compulsory under three of the four above-cited tests.

First, both the FAC and NextGen's counterclaim each only assert claims for breach of the Agreement. NextGen's defense of offset is based on largely the same grounds as NextGen's counterclaim, i.e., District owes money to NextGen under the Agreement. Consequently, the issues of law and fact are largely the same.

Second, substantially the same evidence will support or refute the opposing claims: NextGen will introduce evidence of District's and NextGen's respective performance to both defend and prosecute its claims, and the District will do likewise in defending and prosecuting its claims.[2] For instance, to support its claim for damages, NextGen will offer evidence validating that it performed the work for which it billed the District, and the District presumably will counter with evidence that purports to show that the work did not meet contract specifications. Meanwhile, in defending against the District's breach claim, NextGen will offer evidence of the amount and quality of the work it performed under the Agreement, and the District presumably will offer evidence that purports to show that the work didn't meet contract specifications.

Finally, the FAC and counterclaim are logically related. "A logical relationship exists when the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serve as the basis of both claims." *Nat'l Liab. & Fire Ins. Co. v. R & R Marine, Inc.*, 756 F.3d 825, 835 (5th Cir. Tex. 2014) (finding claims compulsory). "The logical relation test is a loose standard which permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." *Id.* Both the District's and NextGen's claims for relief center on the question of whether the respective parties' conduct breached the Agreement. NextGen further asserts that the District's non-payment of the invoices that it properly billed pursuant to the Agreement amounts to a breach.

---

[2]   This will be the case even if the District is successful on defaulting NextGen on its breach claim: The question of damages will still require some assessment of the parties' respective performance.

The District cites a great deal of cases that stand for the proposition that exhaustion of remedies is a prerequisite to filing suit. But *not one* of these cases address the question of whether exhaustion is required when the claim is raised through a compulsory counterclaim. When the claim is raised through a compulsory counterclaim, the exhaustion requirement is excused. *Cushman & Wakefield, supra*, 275 F.Supp.2d at 777-78. Accordingly, the District's motion to dismiss on failure to exhaust grounds must be denied.

### B.    Requiring Exhaustion Now Would Be Futile

Even when counterclaims are permissive, exhaustion of administrative remedies is not required when exhaustion would be futile. For instance, failure to complete an administrative disputes procedure is excused when "the administrative body is shown to be biased or has otherwise predetermined the issue before it." *McCarthy v. Madigan*, 503 U.S. 140, 146-48 (1992) (excusing the exhaustion requirement). "The futility exception is particularly appropriate where the past pattern of an agency or administrator as well as its position on the merits of the current matter in litigation reveal that any further administrative review would provide no relief." *De Pina v. General Dynamics Corp.*, 674 F. Supp. 46, 51 (D. Mass. 1987) (excusing exhaustion requirement on futility grounds).

The District has sued NextGen for breach of the Agreement and seeks return of all funds paid, as well as additional money for its labor costs associated with the implementation.[3] (P. App. 114.) The District has already stated that it will not pay the money NextGen is entitled to. (*Id.*) In response, NextGen has counterclaimed asserting that, in fact, the District breached the Agreement and seeking recovery of the substantial unpaid and overdue funds. Given this posture, it would be a hollow act to require NextGen to go back to the District and seek a decision from the Contracting Officer on these issues. It is evident from District's positions taken in this lawsuit that District has already predetermined these issues and is biased against NextGen.

---

[3]   In so doing, the District ignores the fact that the Agreement limits the District's recovery to just the amounts paid in the twelve months prior to the District bringing its claim, and further expressly precludes recovery of consequential damages. (P. App. 67.)

In the event the Court finds NextGen needed to allege futility, NextGen respectfully requests the opportunity to amend its counterclaim.

## IV.     CONCLUSION

NextGen's counterclaim is compulsory, which triggers an exception to any exhaustion requirement.  Even if the Court were to find that NextGen's counterclaim is permissive, the proper remedy would be to stay the instant proceeding while NextGen initiates and completes the disputes procedure; however, as set forth above, that process will be futile, and therefore, should be excused.

March 3, 2017.

>               **COBB MARTINEZ WOODWARD PLLC**
> 1700 Pacific Avenue, Suite 3100
> Dallas, Texas 75201
> (214) 220-5200 Telephone
> (214) 220-5299 Facsimile
>
> By: */s/ Jeffrey I. Nicodemus*
> **JEFFREY I. NICODEMUS**
> Texas Bar. No. 24007748
> email:  jnicodemus@cobbmartinez.com
> **MATTHEW E. LAST**
> Texas Bar No. 24054910
> email: mlast@cobbmartinez.com
>
> **ATTORNEYS FOR DEFENDANT
> NEXTGEN HEALTHCARE
> INFORMATION SYSTEMS, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 3rd day of March, 2017, a true and correct copy of the foregoing document was served on all counsel of record by either e-service, first class mail, certified mail, facsimile and/or email.

> */s/ Matthew E. Last*
> **MATTHEW E. LAST**